PHILLIP A. TALBERT
Acting United States Attorney
MELANIE L. ALSWORTH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>JOSEPH ARCHULETA ,<br><br>                    Defendant. | CASE NO.  1:14-CR-00155-LJO-SKO<br><br>UNITED STATES' MOTION TO STAY PETITION UNDER 28 U.S.C. § 2255; AND ORDER |

The United States of America, by and through Acting United States Attorney Phillip A. Talbert and Assistant United States Attorney Melanie L. Alsworth, hereby move for a stay of proceedings of Defendant's Motion to Vacate Set Aside, or Correct Sentence filed on June 21, 2016.

On June 27, 2016, the United States Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, to decide, among other things, (1) whether the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015), applies to the residual clause of Sentencing Guildelines § 4B1.2(a)(2); and if so, (2) whether *Johnson's* invalidation of the residual clause of Sentencing Guideline § 4B1.2(a)(2) applies retroactively on collateral review.

The government anticipates that the Supreme Court will rule in *Beckles* by June 2017.  Because *Beckles* will likely decide the application of *Johnson* to the Sentencing Guidelines or the retroactivity question presented in this case (or both), this Court should stay Defendant's § 2255 motion until *Beckles* is decided.  A stay will promote efficiency because this case will remain in the district court and not be

subject to appeal. *See Leyva v. certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket, and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). If the Supreme Court holds that *Johnson* is not retroactive to the Guidelines, this Court can simply deny the § 2255 motion; if the Supreme Court rules that *Johnson* is retroactive to the Guidelines, this Court may then decide the other issues raised by the § 2255 motion without the delay caused by a remand from the Court of Appeals.

The government's response is currently due August 22, 2016. Should the Court deny the government's Motion to Stay Petition Under 28 U.S.C. § 2255, the government respectfully requests an extension of 30 days from the entry of the Court's order to file its response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence.

Respectfully submitted,

Dated: August 10, 2016  PHILLIP A. TALBERT
Acting United States Attorney

By: /s/Melanie L. Alsworth
MELANIE L. ALSWORTH
Assistant United States Attorney

## **ORDER**

The United States' Motion to Stay Petition Under 28 U.S.C. § 2255 is GRANTED. The motion shall be stayed pending further order from the Court.

IT IS SO ORDERED.

Dated: **August 11, 2016**   /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE