# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>　v.<br><br>JOSEPH ARCHULETA,<br><br>　　　　Defendant-Petitioner. | CASE NO. 1:14-CR-00155-LJO-SKO-1<br><br>ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION, VACATING STAY, AND RE-SETTING BRIEFING SCHEDULE<br><br>(ECF NO. 37) |

On August 11, 2016, the Court inadvertently granted the Government's motion (ECF No. 35) to stay Petitioner Joseph Archuleta's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"), believing it to be unopposed. *See* ECF No. 36. The Government's motion was premised upon the fact that the United States Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, to decide (1) whether the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2016), applies to the residual clause of Sentencing Guideline § 4B1.2(a)(2); and if so, (2) whether *Johnson*'s invalidation of the residual clause Sentencing Guideline § 4B1.2(a)(2) applies retroactively on collateral review. ECF No. 26. The Government argues that because *Beckles* will likely decide the application of *Johnson* to the Sentencing Guidelines or the retroactivity question presented in the instant case (or both), and because the Supreme Court will likely decide *Beckles* by June 2017, the Court should stay Petitioner's § 2255 motion until *Beckles* is decided for purposes of efficiency. *Id.*

Now before the Court is Petitioner's motion to reconsider the Court's order staying this matter. ECF No. 37. Petitioner argues, *inter alia*, that he would be prejudiced by a stay in this case, noting that the Ninth Circuit recently decided to lift stays in two cases with similar issues (*Gardner*

*v. United States*, No. 15-72559, and *Jacob v. United States*, No. 15-73302), notwithstanding the Supreme Court's decision to grant certiorari in *Beckle*s. *Id.* at 3-6.

Upon its review of Petitioner's pending motion, the Government's opposition (ECF No. 38), and Petitioner's reply (ECF No. 39), the Court now finds that the stay should be lifted. A stay is inappropriate in this case because of Petitioner's current projected release date of December 17, 2018, the probability that a successful motion could result in his release before the end of the Supreme Court's 2017 term, and given the uncertainty of when the Supreme Court will issue its ruling in *Beckles*. Thus, the Court finds that Petitioner has demonstrated "a fair possibility" that he would be prejudiced by a stay in this case, such that would outweigh the Court's interest in judicial economy at this time. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *see also Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000) ("habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy.").

**CONCLUSION AND ORDERS**

For these reasons, the Court GRANTS Petitioner's motion for reconsideration, VACATES the stay previously issued, and ORDERS the following briefing schedule. In accordance with the Government's request for a 30-day extension should the stay be lifted, the Government's response to Petitioner's § 2255 motion is due on or before September 30, 2016. From the date of the Government's filing, Petitioner shall have 60 days to file a reply.

IT IS SO ORDERED.

Dated:  **August 24, 2016**          /s/ Lawrence J. O'Neill
                                     UNITED STATES CHIEF DISTRICT JUDGE